# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**OTIS LARUE HUNTER, JR.,**

    Plaintiff,

v.                                                 Case No. 18-cv-1727

**CO III KAST and
CO II KATZE,**

    Defendants.

## DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE AND SCREENING HIS COMPLAINT

Otis Larue Hunter, Jr., a prisoner who is representing himself, filed a civil rights complaint under 42 U.S.C. § 1983. This is now before me on hunter's motion for leave to proceed without prepayment of the civil case filing fee under 28 U.S.C. § 1915 and for screening of the complaint. Additionally, on November 30, 2018, Hunter filed a motion to amend/correct his complaint to correct the spelling of one of the defendants' names. I will grant his motion.

    1.    *Motion to Proceed without Prepaying the Filing Fee*

The Prison Litigation Reform Act (PLRA) applies to this case because Hunter was incarcerated when he filed his complaint. That law requires courts to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The PLRA gives courts discretion to allow prisoners to proceed with their lawsuits without prepaying the $350 filing fee as long as they comply with certain requirements. 28 U.S.C. § 1915. One of those requirements is that the

prisoner pay an initial partial filing fee. On November 6, 2018, I ordered Hunter to pay an initial partial filing fee of $1.25, which he paid on November 26, 2018. Accordingly, I will grant his motion to proceed without prepaying the full filing fee. Hunter must pay the remainder of the filing fee over time in the manner explained at the end of this decision.

2. *Screening the Complaint*

I must dismiss a complaint or part of a complaint if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To proceed under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). I will give a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Hunter alleges that, on July 14, 2018, he was housed in the restricted housing unit at Dodge Correctional Institution. According to Hunter, defendant correctional officers Kast

and Katze refused to give him ointment that had been prescribed by medical staff. In addition, defendants allegedly smashed Hunter's hands in his door trap, stabbed at his fingers, and sprayed him numerous times with a chemical agent.

In determining whether an officer's use of force was excessive, "the pertinent inquiry is whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Rice ex rel. Rice v. Correctional Medicine Services*, 675 F.3d 650, 667 (7th Cir. 2012) (citations and internal quotations omitted). I will allow Hunter to proceed on an excessive force claim against Kast and Katz based on his allegations about their use of force against him.

I will not, however, allow him to proceed on a claim that they were deliberately indifferent to his serious medical needs. "A deliberate indifference claim requires both an objectively serious risk of harm and a subjectively culpable state of mind." *Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007). Hunter does not include enough information for me reasonably infer that he suffered from on objectively serious medical condition or that a single denial of ointment exposed him to a substantial risk of harm. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (explaining that a complaint's allegations "must be enough to raise a right to relief above the speculative level.")

**IT IS THEREFORE ORDERED** that Hunter's motion for leave to proceed without prepaying the filing fee (Docket # 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that Hunter's motion to amend his complaint (Docket # 7) is **GRANTED**. The clerk's office will substitute the corrected pages of Hunter's amended complaint (reflecting the correct spelling of defendant Kast's name) and docket it as the operative complaint in this case.

**IT IS FURTHER ORDERED** that, under an informal service agreement between the Wisconsin Department of Justice and this court, copies of Hunter's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on CO Kast and CO Katze.

**IT IS FURTHER ORDERED** that, under the informal service agreement between the Wisconsin Department of Justice and this court, defendants CO Kast and CO Katze shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of Hunter shall collect from his institution trust account the $348.75 balance of the filing fee by collecting monthly payments from Hunter's prison trust account in an amount equal to 20% of the preceding month's income credited to Hunter's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Hunter is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this order along with Hunter's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Hunter is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, Hunter shall submit all correspondence and case filings to institution staff, who will scan

and e-mail documents to the court.[1] If Hunter is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

Hunter is further advised that failure to make a timely submission may result in the dismissal of this case for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated in Milwaukee, Wisconsin, this 4th day of December, 2018.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.