# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**OTIS LARUE HUNTER, JR.,**

    Plaintiff,

  v.                                        Case No. 18-CV-1727

**LOISON KAST,** *et al.*,

    Defendants.

## ORDER

Otis Larue Hunter, a Wisconsin inmate representing himself, brings this lawsuit under 42 U.S.C. §1983 alleging that the defendants violated his constitutional rights. Defendants Loison Kast and Luke Katze move for summary judgment on the basis that Hunter did not exhaust the available administrative remedies before he initiated this case. (ECF No. 17) For the reasons that I explain below, I find that an evidentiary hearing is required to determine this issue.

The Prison Litigation Reform Act (PLRA) applies to this case because Hunter was incarcerated when he filed his complaint. Under the PLRA, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

According to the Supreme Court, exhaustion of administrative remedies must be done "properly" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). To properly exhaust administrative remedies, prisoners must file their inmate complaints and appeals in the place, at the time, and in the manner that the institution's administrative rules require. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

However, a prisoner is not required to exhaust the administrative remedies if those remedies are not "available." *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Administrative remedies will be deemed "unavailable" when prison officials do not respond to a properly-filed inmate complaint or when they prevent a prisoner from exhausting through affirmative misconduct, such as denying a prisoner necessary forms, destroying a prisoner's submissions, or requiring steps not mandated by regulation or rule. *See Smith v. Buss*, F. App'x 253, 255 (7th Cir. 2010); *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008); *Kaba*, 458 F.3d at 684; *Dale v. Lappin*, 376 F.3d 739, 742 (7th Cir. 2004); *Strong v. David*, 297 F.3d 646, 649-50 (7th Cir. 2002).

In this case, the defendants assert that Hunter failed to file an inmate complaint that complied with the DOC's rules, despite being given two opportunities to do so. (ECF No. 17 at 1.) They explain that he never provided proof that he had attempted to informally resolve his issue before he filed his inmate complaint, and he did not file his second inmate complaint on an approved form. Hunter disputes that

2

he did not comply with the inmate complaint examiner's (ICE) orders.[1] He explains that he filed his first inmate complaint on July 18, 2018. (*See* ECF No. 19-2 at 2; ECF No. 30-1 at ¶ 6.) The ICE returned the inmate complaint that same day and instructed him to provide proof that he had tried to informally resolve the issue. (ECF No. 30-1 at ¶ 7.) The letter further stated, "If you have no proof you have attempted to resolve the issue, you must contact Cpt A Shultz and Cpt M. Mariani." (ECF No. 19-2 at 1.)

Hunter filed his second inmate complaint on July 24, 2018, and explained that he had submitted inmate requests to both Captains Schultz and Mariani and that he had talked to Captain Schultz about returning his request form. (ECF No. 19-3 at 2.) Hunter stated that he had been waiting for seven days, but neither of them had responded. (*Id.*)

The ICE returned Hunter's second inmate complaint two days later. (ECF No. 19-3 at 1.) Once again, the ICE's letter demanded proof that Hunter had tried to informally resolve his issue. The letter also stated, "If you have no proof you have attempted to resolve this issue, you must contact Administrative Captain M. Mariani and Deputy Warden Strahota." (*Id.*) In addition to the lack-of-proof issue, the ICE informed Hunter that he had used the wrong complaint form and that only forms

---

[1] After the defendants' motion was fully briefed, Hunter moved to amend his responses to the defendants' proposed findings of fact because he did not understand what he was supposed to do. (ECF No. 30.) The court will grant his motion. However, the court will disregard Hunter's sur-reply (ECF No. 31), which he filed in response to the defendants' reply brief. The court's procedural rules do not allow for sur-replies, and Hunter did not ask the court for permission to file one.

revised as of April 2018 would be accepted. (*Id.*) The ICE gave Hunter another opportunity to file a compliant inmate complaint.

Hunter states that he complied with the ICE's instructions and sent a third inmate complaint on the correct form. (ECF Nos. 24 at 4; 26 at ¶¶ 4-9; 30-1 at ¶ 15.) He states that he did not receive a response to his third inmate complaint. (ECF No. 26 at ¶ 9.)

On August 14, 2018, Hunter filed an inmate complaint appeal with the Corrections Complaint Examiner (CCE). (ECF No. 26-1 at 5-7.) In his appeal he included a completed inmate complaint. (*Id.* at 7.) The inmate complaint is dated August 14, 2018 (the same date as his appeal) and is stamped as being received by the CCE on August 17, 2018. It is not clear to the court if Hunter mailed his third inmate complaint only to the CCE, or if this is merely a copy/reproduction of the third inmate complaint he sent to the ICE. The CCE returned Hunter's appeal on the same day it was received because "the appeal [did] not list the complaint file number . . . ." (ECF No. 26-1.) In other words, there was no active inmate complaint to appeal.

The defendants argue that Hunter failed to remedy the errors the ICE identified because he failed to file a third inmate complaint that provided proof that he had tried to informally resolve his issue and that was on the correct form. Hunter argues that he discharged his obligation to informally resolve his issue. He notes that in the ICE's first return letter, the ICE said, "If you have no proof you have attempted to resolve the issue, you must contact Cpt A Shultz and Cpt M. Mariani." Hunter says he explained in his second and third inmate complaints that he contacted Captains

4

Schultz and Mariani, but they never responded." Hunter also asserts that he filed a third inmate complaint on the correct form.

The parties agree that there was nothing improper about the ICE returning Hunter's *first* inmate complaint. The ICE was authorized to ask Hunter to provide evidence that he had tried to informally resolve his issue before filing the inmate complaint. *See* Wis. Admin. Code DOC § 310.07(1).

The parties disagree, however, that the ICE was correct to return Hunter's *second* inmate complaint for failing to provide proof that he had tried to informally resolve his issue. The court shares Hunter's view that the ICE was giving him the runaround. Hunter followed the ICE's instructions in the first return letter. The ICE stated that, if Hunter did not have proof that he tried to informally resolve his issue, he had to contact Captains Schultz and Mariani. Hunter explained in his second inmate request that he submitted an interview request form to both of them and talked to Captain Schultz about the lack of response, but neither of them responded to him. As Hunter points out, the ICE did not inform him that he would have provide proof that he contacted the captains, nor did the ICE tell Hunter that he had to contact them in writing. Hunter spoke to Captain Schultz, as was implicitly permitted by the ICE's instructions; there was no proof Hunter could provide of his conversation other than his say-so.

I find that the ICE changing the instructions in the second return letter to require Hunter to contact Captain Mariani and Deputy Warden Strahota (instead of Captains Schultz and Mariani as was originally required) as well as the requirement

5

that he provide proof that was not previously required rendered Hunter's administrative remedies unavailable. *See Pavey v. Conley*, 544 F.3d at 742 (acknowledging that being given "a runaround" may make administrative remedies unavailable). However, this is not the end of the inquiry because there was an additional basis for returning Hunter's second inmate complaint.

The ICE informed Hunter that he had used an outdated form. Hunter had filed his first inmate complaint on a form revised in April 2018, but he filed his second inmate complaint on a form revised in October 2016. (ECF No. 17 at 10, n. 1.) The ICE told Hunter that he needed to resubmit his inmate complaint on the DOC's current form, the one revised in April 2018. (ECF No. 19-3 at 1.) While this may seem like an insignificant reason to return Hunter's second inmate complaint, Wis. Admin. Code DOC § 310.07(3)(a) states that "each complaint shall . . . be submitted on a complaint form provided by the department." And, it has long been established that there is no exception for substantial compliance with the exhaustion requirements. *See Conway v. Thurmer*, 39 F. App'x 408, 410 (7th Cir. 2002) (citing *Smith v. Zachary* 255 F.3d 446, 452 (7tj Cir. 2001). Accordingly, it was proper for the ICE to return Hunter's second inmate complaint and require him to use the correct form.

The defendants assert that Hunter did not submit a third inmate complaint on the correct form. Hunter asserts that he did and that he never received a response. The Seventh Circuit has instructed that, when there are questions of fact regarding whether a plaintiff exhausted the available administrative remedies, a district court must conduct an evidentiary hearing to resolve the issue. *See Pavey*, 544 F.3d at 742.

At the hearing, the district court "may hear evidence, find facts, and determine credibility. After finding facts, the district court may allow the claim to proceed or dismiss it for failure to exhaust." *Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018) (citations omitted).

In light of the conflicting evidence, I find that an evidentiary hearing is necessary.

**IT IS THEREFORE ORDERED** that the court will set a date and time for an evidentiary hearing to determine whether Hunter exhausted the available administrative remedies before he initiated this case.

**IT IS FURTHER ORDERED** that Hunter's motion to amend his opposition to defendants' proposed findings of fact (ECF No. 30) is **GRANTED**.

Dated in Milwaukee, Wisconsin this 20th day of May, 2019.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge